IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RASHEEN JOHNSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) CIVIL NO. 07-574-GPM |
| | ) |
| TROY WILLIAMSON, | ) |
| | ) |
| Respondent. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Petitioner filed this action pursuant to 28 U.S.C. § 2241 seeking expungement of a disciplinary action and restoration of good time credits that he lost as a result of the disciplinary action (Doc. 1).  He also seeks leave to proceed *in forma pauperis* (Doc. 4) and appointment of counsel (Doc. 2).

In his § 2241 action, Petitioner named as Respondents several disciplinary hearing officers and prison officials at FCI-Greenville, where the disciplinary action apparently occurred.  The proper Respondent in this habeas action, however, is Petitioner's immediate custodian, Troy Williamson, the warden at FCI-Lewisburg, where Petitioner is currently confined.  *See Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004).  Accordingly, the Court will substitute Troy Williamson as the sole Respondent in this action.  Notably, Warden Williamson is located outside of the judicial district established for the Southern District of Illinois.  *See* 28 U.S.C. § 2241(a).  However, because "the location of a collateral attack is best understood as a matter of venue, which means that both waiver and forfeiture are possible," *Moore v. Olson*, 368 F.3d 757, 758 (7th Cir. 2004), at this time,

the matter will proceed in this Court.

With regard to Petitioner's motion for appointment of counsel, his financial eligibility is acknowledged; however, there is no right to counsel in habeas corpus proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Appointment of counsel is discretionary, governed by the interests of justice and the need for an evidentiary hearing. 18 U.S.C. § 3006A(a)(2)(B); Rules Governing § 2254 Cases, Rule 8(c).

Upon review of the file, the Court finds that the interests of justice will not be served by appointing counsel in this case at this time. Petitioner has personal knowledge of the events supporting his claim. The legal issues involved do not appear to be overly complex and the claims and arguments set forth in the petition indicate that Petitioner will be able to adequately present his claims without the need for counsel. At this time, there appear to be no factual disputes that would require an evidentiary hearing. Accordingly, Petitioner's motion to appoint counsel (Doc. 2) is **DENIED**.

**IT IS HEREBY ORDERED** that the motion for leave to proceed *in forma pauperis* (Doc. 4) is **GRANTED**.

**IT IS FURTHER ORDERED** that Respondent shall, within twenty-three (23) days of receipt of this application for writ of habeas corpus, answer and show cause why the writ should not issue. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule of the United States District Court for the Southern District of Illinois 72.1(a)(2), this cause is referred to a United States Magistrate Judge for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be referred to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS SO ORDERED.**

**DATED:** 10/25/07

                                            s/ *G. Patrick Murphy*
                                            G. Patrick Murphy
                                            United States District Judge